

FILED
SEP 29 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**Banner Life Insurance Company**

    **Plaintiff,**

v.                                              **CIVIL ACTION NO. 2:11cv63**

**Clara L. Jones, Raymond D. Jones,
as Executor of the Estate of Arthur C.
Jones, Belle B. Jones, Raymond D. Jones,
Individually, and Daphne Grantham,**

    **Defendants.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff's Motion for Default Judgment against Defendant, Belle B. Jones, pursuant to Federal Rule of Civil Procedure 55, and Plaintiff's Motion to Allow Interpleader, Enter Injunction, and Dismiss Banner Life as a Party, pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. §§ 1335 and 2361. For the reasons set forth below, Plaintiff's Motion for Default Judgment against Belle B. Jones is **DENIED**, and Plaintiff's Motion to Allow Interpleader, Enter Injunction, and Dismiss Banner Life as a Party is **GRANTED**. Accordingly, Banner Life is hereby **ORDERED** to deposit the proceeds of Arthur C. Jones' life insurance policy #010498136 in the amount of $100,000 with the Court's registry no later than October 10, 2011, as required under 28 U.S.C. § 1335(a)(1).

## I. FACTUAL AND PROCEDURAL HISTORY

On November 13, 1985, Plaintiff Banner Life Insurance Company ("Banner Life") issued a life insurance policy (the "Policy") to Mr. Arthur C. Jones ("Decedent"). Compl. ¶ 11. The Policy named Decedent's wife, Clara L. Jones, as the primary beneficiary of the Policy and named Decedent's daughter, Belle B. Jones, as the contingent beneficiary. Compl. ¶ 12. On or about May 13, 2010, Decedent apparently attempted to alter the beneficiaries of the Policy by submitting a "Beneficiary Change Form" ("Form") to Banner Life. Compl. Ex. B.

The Form purports to name the following beneficiaries, all of whom are named as defendants in the instant case:[1]

"Belle B. Jones - Daughter - 30%"[2]

"Raymond D. Jones - Brother - 20% 30%"[3]

"Clara L. Jones - Wife - 10%"

"Daphne D. Granthem [sic] - Step Daughter - 10%"

See Compl. ¶ 13, Compl. Ex. B. Further, the Form contains a designation for "Misc" but no accompanying percentage of the Policy for "Misc." See Compl. Ex. B. The Form indicated that "Totals MUST add to 100%." *Id.* However, the percentages assigned to each beneficiary on the

---

[1] The Form also lists the addresses for three of the four defendants, which have been omitted here.

[2] There is a discrepancy between the Complaint and the Form's allocation for Belle B. Jones. The Complaint indicates that Belle B. Jones was to receive 20% of the proceeds, whereas the Form appears to indicate that she was to receive 30% of the proceeds. *Compare* Compl. ¶ 13 *with* Compl. Ex. B. Since Banner Life calculates 80% as the total percentage which is accounted for, this total includes an allocation of 30%, rather than 20%, for Belle Jones. Thus, the figure in the Complaint is likely an error.

[3] The Form itself contains both the "20%" figure crossed out and the 30% figure for Raymond D. Jones. Compl. Ex. B.

Form totaled only eighty percent (80%) and the Form did not assign expressly the remaining twenty percent (20%) of the Policy proceeds to any beneficiary. Compl. ¶ 14; Compl. Ex. B.

On May 21, 2010, Banner Life sent a written notice to Decedent at his home address that his Form was not accepted because of his failure to assign 100% of the policy proceeds. Compl. Ex. C. Decedent apparently was hospitalized when Banner Life sent this notice to Decedent's home. *See* Compl. Ex. E (counsel for Raymond Jones' demand letter); Docket #18 (Daphne Grantham's Answer). Decedent passed away on May 30, 2010 without submitting a new Beneficiary Change Form. Compl. ¶ 16. As a result, on or about June 1, 2010, Banner Life sent a letter to Clara L. Jones advising her of the next steps necessary to state a claim for the Policy proceeds, as she was the primary beneficiary under the original Policy. *See* Compl. Exs. A and D. On or about June 4, 2010, Banner Life received a demand letter from counsel for Raymond Jones, as executor of Decedent's Estate, demanding disbursement of the Policy proceeds in accordance with the Beneficiary Change Form. Compl. Ex. E. Raymond Jones' counsel argued that the Form was valid, that it was the Decedent's intent that the 20% not specifically allocated on the Form be distributed to "Misc," and accordingly, that the remaining 20% in Policy proceeds should be disbursed to the Decedent's Estate. *Id.*

As a result, on or about June 8, 2010, Banner Life sent a written notice to Clara Jones informing her that there were parties disputing her beneficiary designation and claiming entitlement to a portion of the Policy proceeds. Compl. Ex. F. Subsequent to Banner Life sending this notification, Clara Jones apparently submitted the requisite documentation in order to try to collect the proceeds under the original Policy. *See* Compl. Ex. G. Banner Life then sent Clara Jones another notice indicating that others were disputing her beneficiary designation and that Banner Life would not pay the claim until the dispute was resolved. *Id.* On August 3, 2010,

Banner Life received a demand letter from counsel for Clara Jones demanding payment of the Policy proceeds in accordance with the initial beneficiary designation under the original Policy. Compl. Ex. H.

On February 2, 2011, Banner Life filed a Complaint for Interpleader ("Complaint") against Clara L. Jones, Raymond D. Jones, individually and as Executor of Decedent's Estate, Belle B. Jones, and Daphne Grantham (collectively referred to as "Defendants"). Banner Life knows of no other claimants to the Policy. *See* Mem. Supp. Pl.'s Mot. Allow Interpleader, Enter Inj., & Dismiss Banner as Party at 2-3.

Banner Life asserts that it timely served all Defendants, and all Defendants except Belle Jones filed responses to the Complaint. *See* Dockets #6, #7, and #18; *see also* Mem. Supp. Pl.'s Mot. Allow Interpleader, Enter Inj., & Dismiss Banner as Party at 2-3. In Clara Jones' Answer, she asserts, in sum, that the Beneficiary Change Form is invalid, and that she is entitled to all of the proceeds as the sole, primary beneficiary under the original Policy. Docket #6. In Raymond Jones' Answer on behalf of himself and Decedent's Estate, he asserts, in sum, that the Form is valid, and that the unaccounted for 20% on the Form was intended to go to "Misc" and thus, it should go to Decedent's Estate. Docket #7.

In Daphne Grantham's *pro se* Answer, she questions the validity of the Form because: 1) the Decedent was sedated and under the influence of morphine when the Form was executed; 2) the Form designates that the Executor will receive 30% of the proceeds, which is more than any immediate family member, according to Ms. Grantham; and 3) Decedent never considered her his "step daughter," as the Form refers to her, but rather as an adoptive daughter. Docket #18. Ms. Grantham further asserts in her Answer that: Decedent and Clara Jones were married for 47 years and never separated, Clara Jones cared for Decedent during the entirety of his

4

illness, and she believes Clara Jones is entitled to all of the Policy proceeds. *Id.* As previously noted, Belle Jones did not respond to the Complaint.

As a result of Belle B. Jones' failure to file a response, Banner Life filed its Request for Entry of Default as to Belle B. Jones on March 30, 2011. Docket #8. The Clerk entered default as to Belle B. Jones on March 31, 2011. Docket #9. On June 14, 2011, Banner Life moved for default judgment against Belle B. Jones. *See* Pl.'s Mot. Default J.

Subsequently, on August 15, 2011, Belle Jones sent a letter directly to Chambers. In the letter, she apologizes for not responding to the Court's summons and states that her lack of response does not mean she does not wish to assert an interest in her father's life insurance policy, if she is entitled to it. Rather, she only wants the truth to be told and her father's wishes to be respected. She also expresses in the letter that she does not want to jeopardize her relationship with her only surviving parent, Clara Jones.

Banner Life asserts that all potential claimants to the Decedent's Policy have been interpleaded. *See* Mem. Supp. Pl.'s Mot. Allow Interpleader, Enter Inj., & Dismiss Banner Life as Party at 3. Further, Banner Life states that it is prepared to deposit the Policy proceeds with the Court, as required under 28 U.S.C. § 1335(a)(1). *Id.* at 1. On Banner Life's request, this Court held a hearing on both Motions pending before the Court on Tuesday, September 20, 2011.

## II. LEGAL STANDARD

### A. Motion for Default Judgment

Under Rule 55(a) of the Federal Rules of Civil Procedure, the clerk must enter a party's default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Further, Rule

55(c) provides that "the court may set aside an entry of default for good cause." Fed. R. Civ. Pro 55(c). When deciding whether to set aside an entry of default, the Fourth Circuit has held:

> [A] district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne* ex rel. *Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)).

A panel of the Fourth Circuit also has noted that "the extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Pinpoint IT Services, LLC v. Atlas IT Export Corp.*, 2011 WL 2748685, at *11 (E.D. Va. July 13, 2011) (quoting *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 616863, at *3 (4th Cir. 1993) (unpublished table decision)). Moreover, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad.*, 616 F.3d at 417.

Finally, the decision whether to set aside an entry of default is within the district court's broad discretion. *See Payne* ex rel. *Estate of Calzada*, 439 F.3d at 203.

### B. Motion to Allow Interpleader, Enter Injunction, and Dismiss Banner Life as a Party

*1. Jurisdiction and Venue for Interpleader Action*

Banner Life filed its Complaint for Interpleader pursuant to the federal interpleader statutes, 28 U.S.C. §§ 1335 and 2361 (collectively "statutory interpleader"), and Federal Rule of Civil Procedure 22 ("rule interpleader"). The federal system provides for these two distinct methods of invoking interpleader – statutory and rule interpleader – and their jurisdictional

requirements vary. As the pleadings have invoked both statutory and rule interpleader as proper bases for the Court's authority to allow interpleader, both methods are discussed herein.

Section 1335 provides, in relevant part, that district courts shall have original jurisdiction over actions in interpleader filed by any person in custody of an insurance policy worth $500 or more if: (1) two or more adverse claimants, of diverse citizenship, are claiming entitlement to such money, and (2) the plaintiff has deposited such money into the court's registry, or has given a bond payable to the clerk of the court in an amount deemed proper by the court, conditioned upon the plaintiff's compliance with the court's future order or judgment with respect to the subject matter of the controversy. 28 U.S.C. § 1335.

Further, Section 1335 has been "uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967); *see also Franceskin v. Credit Suisse*, 214 F.3d 253, 259 (2d Cir. 2000) (requiring only minimal diversity between claimants in statutory interpleader actions); *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1265 (9th Cir. 1993) (same). Finally, in statutory interpleader actions, venue is proper in any judicial district where one or more of the claimants reside. 28 U.S.C. § 1397.

By contrast, under rule interpleader, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. Pro. 22. Rule 22 is a procedural device only, and thus, for interpleader actions brought under Rule 22, jurisdiction and venue must be proper under 28 U.S.C. § 1331 (federal question jurisdiction) or § 1332 (diversity jurisdiction), and § 1391 (general venue statute), as with most civil actions in federal court. *See also Am. Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241,

1244 (E.D. Wis. 1993) (Rule 22 "was promulgated to provide federal interpleader proceedings in those cases which may not meet the requirements of the interpleader statute but which nonetheless meet the general jurisdictional requirements applicable in federal court.").

*2. Entering an Injunction*

Under 28 U.S.C. § 2361, district courts have the authority to enter broad injunctions enjoining all other litigation affecting the same money or property:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court . . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

*See e.g., Fed. Ins. Co. v. Parnell*, 2009 WL 2848667, at *4 (W.D. Va. Sept. 3, 2009) (granting insurance company permanent injunction restraining claimants from bringing any proceeding affecting the policy proceeds at issue in the interpleader action).

*3. Dismissal of Stakeholder*

The Fourth Circuit has articulated the purpose behind the interpleader device as follows:

> The principle of interpleader is that, where two persons are engaged in a dispute, and that which is to be the fruit of the dispute is in the hands of a third party, who is willing to give it up according to the result of the dispute, then, . . . that third person . . . is not to be obliged to be at the expense and risk of defending an action; but, on giving up the thing . . ., he is to be relieved, and the Court directs that the persons between whom the dispute really exists shall fight it out at their own expense.

*Equitable Life Assurance Soc'y. v. Jones*, 679 F.2d 356, 358 n.2 (4th Cir. 1982) (citations omitted). Further, courts have held that, while a factual issue may exist as to the rightful ownership of the fund,

8

> that dispute does not preclude the granting of summary judgment in favor of the interpleader [dismissing the stakeholder from the suit]. It is in the very nature of an interpleader action that two or more parties claim rights to certain money or property. What is undisputed is that the stakeholder . . . has no interest in the stake, and that a real controversy exists as to who does.

*Commerce Funding Corp. v. Southern Financial Bank et al.*, 80 F. Supp. 2d 582 (E.D. Va. 1999).

Thus, assuming the stakeholder meets the jurisdictional requirements set forth in 28 U.S.C. § 1335, "[t]he primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears" multiple litigation over a single fund. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 642 (6th Cir. 2007) (quoting 7 Wright, et al., Federal Practice and Procedure § 1704 (3d ed. 2001)) (footnote omitted); *see also Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1101 (5th Cir. 1992) (primary test for propriety of interpleader action is whether stakeholder legitimately fears multiple lawsuits); *ReliaStar Life Ins. Co. v. Lormand*, 2011 WL 900113, at *3 (E.D. Va. Mar. 11, 2011) (same). Accordingly, "[t]he appropriate resolution of the interpleader action is to absolve the stakeholder from the threat of multiple liability by determining which of the claimants is entitled to the stake." *Equitable Life Assurance Soc'y.*, 679 F.2d at 358 n.2; *see also ReliaStar Life Ins. Co.*, 2011 WL 900113 at *3.

Finally, dismissal of the stakeholder does not destroy the jurisdiction of the district court in diversity actions. *See Leimbach v. Allen*, 976 F.2d 912 (4th Cir. 1992) ("[T]he district court had jurisdiction of this interpleader action when filed and retained the same although the insurers were dismissed prior to final judgment.").

9

*4. Procedure in Interpleader Action*

An interpleader action typically involves two stages. In the first stage of the case, the court must determine whether the stakeholder has invoked properly the court's interpleader jurisdiction to compel the claimants to litigate their claims to the stake in one proceeding. *High Tech. Prods.*, 497 F.3d at 641; *Metropolitan Life Ins. Co. v. Vines, et al.*, 2011 WL 2133340, at *2 (D. Md. Mar. 25, 2011). During this first stage, "the Court considers whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader." *High Tech. Prods.*, 497 F.3d at 641; *see also Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). These equitable concerns include whether the stakeholder has acted in bad faith or delayed unreasonably in bringing the interpleader action. *Mendez v. Teachers Ins. & Annuity Ass'n & College Retirement Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992) (bad faith); *Matter of Bohart*, 743 F.2d 313, 325 (5th Cir. 1984) (unreasonable delay). In the second stage of the case, "[the court] must determine the respective rights of the claimants to the stake." *Crider v. Taylor*, 1989 U.S. Dist. LEXIS 18104, at *8 (W.D. Va. Nov. 13, 1989); *see also Vines et al.*, 2011 WL 2133340, at *2.

### III. DISCUSSION

**A. Motion for Default Judgment against Belle B. Jones**

Belle Jones did not reply to the Complaint and did not respond to the Court formally when the Clerk entered default against her. However, Ms. Jones subsequently corresponded directly with the Judge. In her letter, she asserts that she wants, *inter alia*, the "truth to be told" regarding whether the Decedent's Beneficiary Change Form was valid or not, and her father's "wishes to be respected," whatever they may be. She expressly states that she does not wish to

forfeit her right to any Policy proceeds, if she is entitled to them. She also explains that her lack of response was due, in part, to her desire to avoid tension with her mother, Clara Jones.

Thus, while Belle Jones did not submit a formal response to the Court, the Court may opt to consider her letter as an informal pleading, as the Court should construe the pleadings of *pro se* litigants liberally. *See Miller v. Bamhardt*, 64 F. App'x 858, 859 (4th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see e.g., Mn. Life Ins. Co. v. Rives et al.*, 2011 WL 1085881, at *1-*2 (E.D. Va. Mar. 18, 2011) (finding *pro se* letters to the court to be motions to set aside entry of default "in substance, if not in form"). Therefore, the Court construes Ms. Jones' letter to Chambers as a motion to set aside the entry of default against her.

By examining Ms. Jones' letter under the Fourth Circuit's balancing test for setting aside the entry of default, the Court finds that several factors weigh in favor of setting aside the entry of default against her. Ms. Jones has demonstrated her personal responsibility by corresponding with the Court directly. Moreover, there is no prejudice to Banner Life if the Court sets aside the entry of default against Ms. Jones, especially since Banner Life seeks to be dismissed from the suit. Ms. Jones has asserted no new claims or defenses with respect to the Policy and thus will not hinder the progress of the case to trial. *See Burton v. The TJX Cos., Inc.*, 2008 WL 1944033, at *4 (E.D. Va. May 1, 2008) (factors to be considered in assessing prejudice to non-moving party include whether the delay: "(1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud.") (citations omitted). Notably, none of Belle Jones' co-defendants filed any objection to setting aside the entry of default against her.

One factor weighing against setting aside default is that Ms. Jones delayed in corresponding with the Court. The Clerk entered default against her on March 31, 2011, and Banner Life moved for default judgment on June 14, 2011, approximately five and two months, respectively, before Ms. Jones sent her letter to the Judge. However, courts have held that "[reasonable promptness is evaluated in light of the facts and circumstances of each occasion, with much deference being given to the exercise of discretion by the trial judge." *Vick v. Wong et al.*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). For example, the Fourth Circuit has permitted a case to proceed on the merits even where the moving party delayed ten months before filing its motion to set aside default. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952-54 (4th Cir. 1987). Thus, on this factor, the Court finds that while Ms. Jones delayed in responding to the Court, this delay is not dispositive where it has not prejudiced Banner Life and where Ms. Jones is a *pro se* litigant.

Finally, Ms. Jones' letter does not evince "bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *See Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 616863, at *3 (4th Cir. 1993) (unpublished table decision). To the contrary, she apologizes to the Court for her lack of response and asserts a good faith reason for failing to do so, namely to preserve a positive relationship with her only surviving parent.

Therefore, the Court finds good cause to set aside the entry of default against Ms. Jones. Accordingly, Banner Life's Motion for Default Judgment against Belle Jones is **DENIED**.

### B. Motion to Allow Interpleader, Enter Injunction, and Dismiss Banner Life as a Party

Provided that Banner Life complies with this Court's Order to deposit Decedent's insurance policy proceeds with the Court's registry, the Court finds that Banner Life has met all of the jurisdictional requirements for invoking interpleader.

First, the amount in controversy is $100,000, which exceeds the jurisdictional amounts for both statutory interpleader – $500 or greater – and rule interpleader – greater than $75,000. Second, diversity is satisfied under both statutory interpleader and rule interpleader. The defendant-claimants are minimally diverse under statutory interpleader requirements: Daphne Grantham is a resident of Texas and Raymond Jones is a resident of North Carolina, while Clara Jones and Belle Jones reside in Virginia. *See* Compl. ¶¶ 5-9. Further, Plaintiff Banner Life is a resident of Maryland, while the defendants reside in Texas, North Carolina, and Virginia, thereby satisfying the diversity jurisdiction requirements under 28 U.S.C. §1332. *See* Compl. ¶¶ 3, 5-9. Third, Banner Life has asserted that it stands ready to deposit the $100,000 in Policy proceeds with the Court, which is required under 28 U.S.C. § 1335, although not under Rule 22. Fourth, venue is proper under both statutory interpleader, pursuant to 28 U.S.C. § 1397 ("judicial district in which one or more of the claimants reside"), and rule interpleader, pursuant to 28 U.S.C. § 1391(a)(2) ("judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). *See* Compl. ¶¶ 3, 5-9.

There is also no genuine dispute that Banner Life legitimately fears the risk of multiple lawsuits over the Policy proceeds. Banner Life received demand letters from counsel for two of the defendants, who are asserting conflicting claims to the same Policy. Finally, there are no facts to suggest that there are any equitable concerns weighing against dismissal of Banner Life

from the suit. Notably, none of the defendants filed any objection to Banner Life's interpleader action or its request to be dismissed from the suit.

Accordingly, the Interpleader Act permits Banner Life to interplead the amount of Decedent's life insurance policy, deposit the Policy proceeds with this Court, and obtain "a discharge ... from further liability" with prejudice, as well as a permanent injunction restraining claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the" Policy whose proceeds Banner Life has interpleaded. 28 U.S.C. § 2361.

Therefore, Plaintiff's Motion to Allow Interpleader, Enter Injunction, and Dismiss Banner Life as a Party is **GRANTED**.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment against Belle B. Jones is **DENIED**, and Plaintiff's Motion to Allow Interpleader, Enter Injunction, and Dismiss Banner Life as a Party is **GRANTED**. Accordingly, Defendants are **ENJOINED** from instituting or prosecuting any judicial proceeding against Banner Life in any State or United States court pertaining to Arthur C. Jones' life insurance policy #010498136. Further, Banner Life is **DISMISSED** from this matter with prejudice.

**IT IS FURTHER ORDERED** that this Order be and is hereby conditioned upon Banner Life's depositing a certified check or cash in the amount of $100,000.00, representing the full value of Arthur C. Jones' life insurance policy #010498136, with this Court's registry no later than October 10, 2011.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
September 29, 2011